IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Craig Petty, | ) | C/A No. 6:04-22916-JFA-WMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Jo Anne Barnhart, Commissioner, | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

This is an action brought by the *pro se* plaintiff, Craig Petty, pursuant to Sections 42

1

U.S.C. §§ 205(g) and 1631(c)(3) the Social Security Act, as amended 42 U.S.C. § 405(g), to obtain judicial review of the "final decision" of the Commissioner of the Social Security Administration ("Commissioner") denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI") under Title II of the Social Security Act.

The plaintiff first applied for DIB and SSI on May 10, 2002. His application was denied initially and upon reconsideration. He was granted a hearing before an Administrative Law Judge ("ALJ") before whom he appeared and testified with representation. The ALJ issued a decision on April 22, 2004 and found that the plaintiff was not entitled to benefits. The Appeals Council affirmed the ALJ's decision on September 9, 2004.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir.

1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The plaintiff was 53 years old at the time of the ALJ's decision. He has a twelfth-grade education with two years of college. His past work experience includes employment as a security guard, a carpenter, a counselor, and a cabinet builder. The plaintiff alleges that he became disabled on May 10, 2002, due to acute chronic hepatitis C, jaundice, cirrhosis of the liver, and the fact that he has only one working kidney as a result of renal cancer in 2000.

On April 22, 2004, the ALJ made the following findings of fact:

1. The claimant meets the non-disability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in any substantial gainful activity since the alleged onset of disability.

3.  The claimant's acute chronic hepatitis C, jaundice, cirrhosis of the liver, and only one functioning kidney are "severe" impairments, based upon the requirements in the Regulations (20 CFR §§ 404.1520 and 416.920),

4.  These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5.  The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of this decision.

6.  The claimant has the following residual functional capacity: to lift and carry 20 pounds occasionally and 10 pounds frequently. He can sit, walk, or stand for six hours in an 8-hour workday. Additionally, he can occasionally stoop, balance, crawl, or climb.

7.  The claimant's past relevant work as a gate guard, or a substance abuse counselor did not require the performance of work-related activities precluded by his residual functional capacity. (20 CFR §§ 404.1565 and 416.965).

8.  The claimant's medically determinable impairments do not prevent the claimant from performing his past relevant work.

9.  Based on an exertional capacity for light work, and the claimant's age, education, and work experience, Medical-Vocational Rule 202.15, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled."

10. The claimant's capacity for light work is substantially intact and has not been compromised by any non-exertional limitations. Accordingly, using the above-cited rules as a framework for decision-making, the claimant is not disabled.

11. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR §§ 404.1520(e) and 416.920(e)).

The United States Magistrate Judge to whom this matter was referred has filed a comprehensive report and recommendation suggesting that the Commissioner's decision be

4

reversed under Sentence Four of 42 U.S.C. §§ 405(g) and 1383(c)(3), with a remand of the cause to the Commissioner for further proceedings. Specifically, the Magistrate Judge opines that the ALJ did not sufficiently consider the weight to be given to one of the plaintiff's treating physicians, Dr. Gwozdz. In addition, the Magistrate Judge suggests that the ALJ should include Dr. Taylor's noted limitation in the ALJ's consideration of the plaintiff's residual functional capacity.

The Commissioner has responded to the Report and Recommendation indicating that she does not intend to file an objection to the Report. The plaintiff, who never submitted a brief in this case, did not file objections to the Report either.[1]

After a careful review of the record, this court finds the Magistrate's Report provides an accurate summary of the facts in the instant case and the findings are hereby specifically incorporated herein by reference. Accordingly, this action is reversed pursuant to Sentence Four of 42 U.S.C. §§ 205(g) and 1631(c)(3), 42 U.S.C. §§ 405(g) and 1383(c)(3) and this matter is remanded to the Commissioner for further proceedings as noted herein and in the Magistrate's Report and Recommendation.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

May 18, 2006

---

[1] The court will note that the Report and Recommendation that was mailed to the plaintiff was returned to the Clerk by the Postmaster marked "Return to Sender: Moved Left no Address." The last known address of the plaintiff on record is 897 Fording Island Road, Apt. 2910, Bluffton, SC 29910. That address is also listed by the Commissioner on her certificate of service for her recent reply filed May 3, 2006.

5

Columbia, South Carolina